**Michael T. ROSSIDES, Plaintiff–Appellant,**

v.

**Alberto R. GONZALES, Attorney General, Defendant–Appellee.**

No. 05–16238.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael T. Rossides, Scottsdale, AZ, pro se.

Michael A. Johns, Esq., Office of the U.S. Attorney, Phoenix, AZ, Jacqueline E. Coleman, Esq., U.S. Department of Justice, Civil Division, Federal Programs Branch, Eric D. Miller, Attorney, U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM [**]

Michael T. Rossides appeals pro se from the district court's judgment dismissing his action seeking a declaratory judgment that his proposed operation of a for-profit on-line "press" for enabling bets on matters of alleged public interest is protected by the First Amendment and accordingly not subject to prosecution under 18 U.S.C. §§ 1084, 1952, and 1953. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1152 (9th Cir.2000), we affirm.

The district court properly dismissed Rossides' action for lack of standing because Rossides did not demonstrate that he faces " 'a realistic danger of sustaining a direct injury as a result of the statute[s'] operation or enforcement.' " *Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir.2000) (en banc) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). No prosecuting authorities have ever communicated a specific threat or warning to initiate proceedings against Rossides. *See id.* at 1140. In addition, Rossides has not identified any relevant history of enforcement under either section 1952 or 1953, and he has cited only a single instance of prosecution under section 1084 involving a bookmaking business that Rossides concedes differed from his in at least one significant respect. *See id.* at 1139 (evaluation of genuineness of claimed threat of prosecution includes inquiry into past prosecution or enforcement of the challenged statutes).

**AFFIRMED.**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.